UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICKY ARTHUR SPRING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROY A. BROWN and FRANK R. RANDALL, in their public capacities and including their marital communities; KLICKITAT COUNTY SHERIFF'S OFFICE; THE COUNTY OF KLICKITAT,<br><br>　　　　　Defendants. | No. CV-05-3047-FVS<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

**THIS MATTER** came before the Court on the Defendants' Motion for Summary Judgment (Ct. Rec. 16). The Plaintiff is represented by George A. Kolin. The Defendant is represented by Stanley A. Bastian.

**BACKGROUND**

**A.   Undisputed Facts**

In early December 1999, Chief Criminal Deputy Roy Brown and deputy Frank Randall of the Klickitat County Sheriff's Office ("the Office") met with a confidential informant. The confidential informant visited the home of Ricky A. Spring on two successive days. On January 27, 2000, the Sheriff's Office arrested Mr. Spring on charges of selling marijuana and methamphetamine in violation of Section 69.50.401 of the Revised Code of Washington. Based on a motion and affidavit submitted by Deputy Prosecuting Attorney Timothy S. O'Neill, the Washington Superior Court issued an order determining

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 1

the existence of probable cause to prosecute Spring. Defs.' Ex. 17. On February 1, 2000, O'Neill filed an information charging Spring with two counts of violating Section 69.50.401 of the Revised Code of Washington. Defs.' Ex. 1.

After Mr. Spring refused to enter into a plea agreement, the information was amended to add a third count of selling marijuana in violation of Section 69.50.401 of the Revised Code of Washington. Defs.' Ex. 2. Over the next two years, Spring moved for and was granted at least 9 continuances. Defs.' Ex. 20-30. Spring was tried before a jury on April 15, 2002, and the jury returned a verdict of not guilty on all three counts. Defs.' Ex. 36.

**B.   Disputed Facts**

According to the Defendants, Brown supervised the confidential informant in making a controlled buy from the Plaintiff at his home on December 8, 1999, between 4:44 and 4:58 p.m. Def's Ex. 3. Brown and Randall supervised the confidential informant in making a second controlled buy from the Plaintiff at his home on December 9, 1999, between 5:06 and 5:11 p.m. Affidavit of Frank R. Randall, May 18, 2006, ¶¶ 6-7. During the December 9 buy, the confidential informant wore a body wire. Randall Aff. ¶ 5. On January 27, 2000, Brown and Randall telephoned the Plaintiff at his home and "said that [they] would like to talk to him concerning some drug violations." Defs.' Ex. 4. The Plaintiff met Brown and Randall at the Sheriff's Office. *Id.* During the course of their conversation, he admitted to selling marijuana and made other incriminating statements. *Id.* Brown and Randall prepared accurate police reports, did not withhold exculpatory

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 2

1  evidence, and did not present false testimony at the Plaintiff's
2  trial.  Randall Aff. ¶¶ 9-10; Affidavit of Roy Brown, May 15, 2006, ¶¶
3  14, 16.
4     According to the Plaintiff, he did not sell any drugs to the
5  confidential informant.  Declaration of Ricky A. Spring, July 2, 2006,
6  ¶ 1.  The Plaintiff was not at home on December 8 at the time of the
7  alleged buy because he was picking his children up from daycare at
8  that time.  Spring Decl. ¶ 6.
9     On December 9, the confidential informant went to the Plaintiff's
10 home around 5:00 p.m.  Declaration of Edmund M. Hayes, July 2, 2006,
11 ¶4.  The Plaintiff was not at home, but Edmund Hayes, Jonathan David
12 Sparks, Lisa Butcher, and five children were present.  Hayes Decl. ¶
13 2; Declaration of Jonathan David Sparks, July 2, 2006, ¶ 3.  Mr. Hayes
14 had a conversation with the informant but did not give her anything.
15 Hayes Decl. ¶¶ 5-8; Sparks Decl. ¶¶ 6-7.  The Plaintiff did not arrive
16 until after the informant left.  Hayes Decl. ¶ 9; Sparks Decl. ¶ 9.
17    On December 10, the confidential informant again went to the
18 Plaintiff's home.  Hayes Decl. ¶ 10.  Mr. Hayes and the Plaintiff were
19 both present.  Hayes Decl. ¶ 11.  Mr. Hayes left at the same time as
20 the informant and he followed her car halfway down the hill on which
21 the Plaintiff lives, at which point the informant turned onto another
22 street.  Hayes Decl. ¶¶ 15, 17-18.
23    On January 27, 2000, the Plaintiff met with Brown and Randall at
24 the Klickitat County Sheriff's Office.  Spring Decl. ¶ 30.  The
25 Plaintiff did not confess to illegal activity, but did exchange a
26 series of sarcastic remarks with Brown.  Spring Decl. ¶¶ 34, 36-38.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT- 3

### C. The Present Civil Action

On April 11, 2005, Spring filed an action in Washington Superior Court against Brown, Randall, the Office and the County of Klickitat ("the Defendants") under 42 U.S.C. § 1983. The Plaintiff alleges that the Defendants' conduct during his investigation, arrest, and prosecution deprived him of his Constitutional rights. Specifically, the Plaintiff argues that Brown and Randall planted marijuana and methamphetamine on the confidential informant, equipped the confidential informant with a wire, and then sent the confidential informant to visit the Plaintiff at his home on December 8 and December 9, 1999. Allegedly, the body wire recordings from the two visits were then spliced and compiled into a single recording. The Plaintiff's Complaint also alleges a number of state tort law claims arising from the same series of events. In May 2005, the Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(b). (Ct. Rec. 1 ¶ 3.)

**DISCUSSION**

**I.   SUBJECT MATTER JURISDICTION**

The Plaintiff alleges violations of his Constitutional rights under 42 U.S.C. § 1983. This Court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331. The Court has discretion to exercise supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Section 1367 provides that, when a federal district court has subject matter jurisdiction over a claim, the court also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original

jurisdiction that they form part of the same case or controversy under Article III." In this case, the Plaintiff's state law claims form part of the same case or controversy as the Plaintiff's Section 1983 claim because all claims are based on the same series of actions allegedly performed by the Defendants.

## II. APPLICABLE LAW

A federal district court sitting in diversity must apply the substantive law of the forum state. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 426-427, 116 S. Ct. 2211, 2219-2220, 135 L. Ed. 2d 659, 673 (1996); *Erickson v. Desert Palace, Inc.*, 942 F.2d 694, 695 (9th Cir 1991) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188 (1938)). A federal court exercising supplemental jurisdiction over a state law claim must apply the law of the forum state just as it would if it were sitting in diversity. *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470 (9th Cir. 1995). This Court will accordingly apply Washington law in adjudicating the Plaintiff's state law claims.

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 316, 323, 106 S.Ct. 2548, 2552, 91 L. Ed. 2d 265, 273-274 (1986). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982). There is no issue for trial "unless there

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 5

1   is sufficient evidence favoring the non-moving party for a jury to
2   return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*,
3   477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L. Ed. 2d 202, 212 (1986).
4   The non-moving party cannot rely on conclusory allegations alone to
5   create an issue of material fact. *Hansen v. United States*, 7 F.3d
6   137, 138 (9th Cir. 1993).  Rather, the non-moving party must present
7   admissible evidence showing there is a genuine issue for trial.  Fed.
8   R. Civ. Fed. R Civ. P. 56(e); *Brinson v. Linda Rose Joint Venture*, 53
9   F.3d 1044, 1049 (9th Cir. 1995).  "If the evidence is merely colorable
10  [...] or is not significantly probative,[...] summary judgment may be
11  granted." *Anderson*, 477 U.S. 249-50(citations omitted).

## III. Statute of Limitations

The Defendants argue that all of the Plaintiff's claims are barred by the applicable statutes of limitations.  In addressing this argument, the Court must apply Washington law.  When a state law claim is before a federal court, "the state statute of limitations controls." *Pelster v. Walker*, 185 F. Supp. 2d 1174, 1179 (D. Or. 2001)(citing *Bancorp Leasing & Fin. Corp. v. Augusta Aviation Corp.*, 813 F.2d 272, 274 (9th Cir. 1987)).  As the Supreme Court has explained,

> There is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants. The policies underlying diversity jurisdiction do not support such a distinction between state and federal plaintiffs, and Erie and its progeny do not permit it.

*Walker v. Armco Steel Corp.*, 446 U.S. 740, 751-53, 100 S. Ct. 1978,

1985-86, 64 L. Ed. 2d 659, 668-669 (1980)).

Under Washington law, the statute of limitations is an affirmative defense. The Defendants accordingly bear the burden of proof. *Haslund v. City of Seattle*, 620-621, 547 P.2d 1221, 1229-1230 (1976).

### A. State Law Claims

Although the Plaintiff does not identify his state tort claims with particularity, the Defendant has discerned the following state law claims: 1) false arrest; 2) negligent investigation; 3) negligent hiring, training, and supervision; 4) malicious prosecution; and 5) outrage. The statute of limitations applicable to each is discussed below.

#### 1. False arrest

The statute of limitations for a false arrest claim is two years in the state of Washington. Wash. Rev. Code § 4.16.100; *Walker v. City of Kennewick*, 109 Wash. App. 1017 (Wash. Ct. App. 2001). A claim of false arrest accrues at the time of the arrest. *Gausvik v. Perez*, 392 F.2d 1006, 1009 (9th Cir. 2004).

The Plaintiff's false arrest claim accrued when he was arrested on January 27, 2000. The Plaintiff did not file his Complaint until April 11, 2005. More than two years thus elapsed between the accrual of his claim and the filing of the Complaint. The Plaintiff's false arrest claim is thus barred by the statute of limitations.

#### 2. Negligent hiring, training, and supervision

The statute of limitations for claims based on negligent hiring, training, or supervision is three years in the state of Washington.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 7

*Jefferson v. Boeing Co.*, 107 Wash. App. 1046 (Wash. Ct. App. 2001). The Washington case law is unclear, however, as to when such causes of action accrue. *Compare Jefferson*, 107 Wash. App. at 1046 (stating in dicta that such actions accrue when "the tortious or discriminatory act or omission occurs") *with Gausvik,* 392 F.3d at 1009 (holding that a cause of negligent training and supervision accrues when the plaintiff learns of the basis for the claim)(*citing Allen v. State,* 826 P.2d 200 (Wash. 1992)). The Court therefore declines to dismiss the Plaintiff's negligent hiring, training and supervision claim on the basis of the statute of limitations.

### 3. Malicious prosecution

The statute of limitations for malicious prosecution claims is three years in the state of Washington. *Nave v. City of Seattle*, 415 P.2d 93 (Wash. 1966). A malicious prosecution claim accrues when the proceedings terminate. *Id*. at 94.

Here, the proceedings against the Plaintiff terminated on April 15, 2002. The Plaintiff filed his complaint less than three years later, on April 11, 2005. The Plaintiff's malicious prosecution claim is therefore not time barred.

### 4. Outrage

The statute of limitations for the tort of outrage is three years in the state of Washington. Wash. Rev. Code § 4.16.080(2); *Fenner v. U.S. Bank of Washington*, 97 Wash. App. 1047 (Wash. Ct. App. 1999). An outrage claim accrues when the plaintiff knows or has reason to know the factual basis for each element of the claim. *Beard v. King County*, 889 P.2d 501, 503 (Wash. Ct. App. 1995).

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 8

In this case, the Plaintiff claims that he has experienced physical and emotional shock as a result of the Defendants' actions, causing him to suffer nightmares, insomnia, and distrust of the police. Complaint ¶ 76. The Plaintiff alleges that he suffers these symptoms as a result of "the process he was forced to undergo," implying that his outrage claim encompasses all of the Defendants' actions up until his acquittal. Accordingly, the Plaintiff did not have the factual basis for his outrage claim until his acquittal. Because less than three years elapsed between the acquittal and the filing of the Complaint, the Plaintiff's outrage claim is not barred by the statute of limitations.

**B.   Section 1983**

The statute of limitations for Section 1983 claims is governed by state law. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir 1995); *Harvey v. Waldron*, 210 F.3d 1008, 1013 (9th Cir. 2000). For the purposes of applying the appropriate state statute of limitations, Section 1983 claims are considered personal injury actions. *Id.* The statute of limitations for personal injury actions is three years in Washington. Wash. Rev. Code § 4.16.080(2).

The time at which a Section 1983 claim accrues is governed by federal law. *Harvey*, 210 F.3d at 1013. As a general rule, a Section 1983 claim accrues when the injured party "knows or has reason to know of the injury which is the basis for the action." *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). However, where the "successful prosecution of a Section 1983 action would necessarily imply that the plaintiff's criminal conviction was wrongful," the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 9

1 action does not accrue unless and until the conviction has been
2 reversed, expunged, or declared invalid.  *Heck v. Humphrey*, 512 U.S.
3 482, 486, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383, 394 (1994).  This
4 rule applies to pending criminal charges as well as claims brought
5 after conviction.  *Harvey*, 210 F.3d at 1014.

6     Under *Heck,* the Plaintiff's Section 1983 claims were not ripe for
7 review until after his acquittal.  The Plaintiff alleges that the
8 Defendants manufactured evidence, falsified police reports, and
9 obtained a court order finding that probable cause existed based on an
10 affidavit containing known falsities.  If the substance of these
11 allegations were true, a criminal conviction of the Plaintiff would
12 have been invalid.  The Plaintiff could not, accordingly, bring his
13 Section 1983 claim until after his trial.

14     The Defendants argue that the Plaintiff's Section 1983 claim
15 accrued when he was arrested because the "gravaman" of the Plaintiff's
16 claim is false arrest.  This argument is unpersuasive.  The Plaintiff
17 alleges that the Defendants infringed upon his Constitutional rights
18 not only by arresting him, but also by forcing him to undergo court
19 appearances, the imposition of pretrial conditions, and a criminal
20 trial.  The Plaintiff's Section 1983 claim could not accrue until the
21 completion of his trial because the true "gravaman" of the claim is
22 the denial of a fair trial.  *Venegas v. Wagner*, 704 F.2d 1144, 1146
23 (9th Cir. 1983).

24 **IV.  NEGLIGENT INVESTIGATION**

25     The Complaint appears to allege a claim for negligent
26 investigation.  However, as the Defendants correctly observe,

Washington does not generally recognize the tort of negligent investigation. *Donohoe v. State*, 142 P.3d 654, 666-667 (Wash. Ct. App. 2006); *M.W. v. Dep't of Social & Health Serv.*, 70 P.3d 954, 960 (Wash. 2003). The only exception involves child abuse cases. *Id.*; *Roberson v. Perez*, 123 P.3d 844 (Wash. 2005). The Plaintiff is not alleging that a negligent child abuse investigation occurred. His claim of negligent investigation must therefore be dismissed.

**V. NEGLIGENT HIRING, TRAINING, AND SUPERVISION**

An employer may be held liable for the negligent hiring, training, or supervision of an employee when two elements are present. First, the plaintiff must show that the employer knew, or should have known through the exercise of ordinary care, that the employee was unfit. Second, the plaintiff must show that retaining or failing to supervise the employee was a proximate cause of the plaintiff's injuries. *Betty Y. v. Al-hellou*, 988 P.2d 1031, 1032-33 (Wash. Ct. App. 1999); *Crisman v. Pierce County Fire Prot. Dist. No. 21*, 60 P.3d 652, 654 (2002).

As the Defendants argue, the Plaintiff has presented no evidence that either the Klickitat County Sheriff's Office or the County of Klickitat were aware of Brown and Randall's allegedly tortious activities. Nor has the Plaintiff argued, much less presented evidence in support of the idea, that the Office or the County would have discovered that Brown and Randall were unfit through the exercise of reasonable care. This cause of action will accordingly be dismissed.

**VI.  MALICIOUS PROSECUTION**

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 11

1   The tort of malicious prosecution has five elements in the state
2   of Washington.  The plaintiff must prove (1) that the defendant
3   initiated a prosecution (2) without probable cause and (3) with
4   malice, (4) terminating in the plaintiff's favor and (5) causing the
5   plaintiff to suffer damages.  *Clark v. Baines*, 84 P.3d 245, 248 (Wash.
6   2004).  "Malice and want of probable cause constitute the gist of a
7   malicious prosecution claim; as such, proof of probable cause is an
8   absolute defense."  *Id.* (Internal citations omitted).  The Defendants
9   argue that the Plaintiff's malicious prosecution claim must be
10  dismissed because both of these crucial elements are lacking.

**A. Probable Cause**

The Defendants argue that the Plaintiff's malicious prosecution claim must be dismissed because probable cause existed to prosecute the Plaintiff.  As evidence, the Defendants cite the Klickitat County Superior Court's finding of probable case. Defs.' Ex. 17.  Where a court has found probable cause exists, the Defendants argue, this finding acts as a superceding cause, breaking the chain of causation and eliminating civil liability.

This argument is not supported by the case law.  It is true that a court order may break the chain of causation and thus shield a state actor from immunity when "the complained of action is linked to the judge's decision." *Tyner v. State Dep't of Social & Health Servs.*, 1 P.3d 1148 (Wash. 2000). *See also Hertog v. City of Seattle,* 979 P.2d 400 (Wash. 1999); *Bishop v. Miche*, 973 P.2d 465 (1999).  However, this principle applies only when "all material information is presented to the judge." *Tyner*, 1 P.3d at 1157.  Where there is doubt that the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 12

investigating officers fully and accurately disclosed the information known to them, the question of probable cause is for the jury to decide. *Bender v. City of Seattle*, 664 P.2d 492, 501 (Wash. 1983).

In this case, the Plaintiff alleges that the Klickitat County Superior Court was deceived by the information Brown and Randall provided. The question of whether probable cause existed to prosecute the Plaintiff is a question for the jury under the Supreme Court of Washington's decision in *Bender.*

**B. Malice**

A plaintiff may satisfy his burden of showing malice by proving that the prosecution was commenced for an improper motive. *Id.*

> Impropriety of motive may be established in cases of this sort by proof that the defendant instituted the criminal proceedings against the plaintiff: (1) without believing him to be guilty, or (2) primarily because of hostility or ill will toward him, or (3) for the purpose of obtaining a private advantage as against him

*Id.* Malice may also be inferred from a lack of probable cause. *Id.*

Here, the Defendants argue that the Plaintiff has failed to present any evidence of malice. While it is true that the Plaintiff has not presented any evidence concerning why Brown and Randall allegedly framed him, the Plaintiff has nevertheless presented sufficient evidence of malice to send the issue to the jury. A jury could infer from the proposed testimony of the Plaintiff, Sparks, and Hayes that Brown and Randall acted without believing the Plaintiff to be guilty. *Bender* makes it clear that if there is any factual question concerning the existence of malice, the question must be submitted to the jury. *Id.*

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 13

## VII. OUTRAGE

The tort of outrage, also referred to as "intentional infliction of emotional distress," has three elements in the state of Washington. *Orin v. Barclay*, 272 F.3d 1207, 1219 (9th Cir 2001). First, the plaintiff must demonstrate that the defendant engaged in "extreme and outrageous" conduct. Second, the plaintiff must prove that the defendant intentionally or recklessly inflicted emotional distress on the plaintiff. Third, the plaintiff must prove that the defendant's actions actually resulted in "severe emotional distress." *Id.*

In order to be outrageous, conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Robel v. Roundup Corp.*, 59 P.3d 611, 619 (Wash. 2002). Whether conduct is sufficiently outrageous to meet this standard is usually a question for the finder of fact. *Diacomes v. State*, 782 P.2d 1002, 1013 (Wash. 1989). However, the trial court may grant summary judgment on an outrage claim if it finds that reasonable minds could not differ as to whether the conduct "was sufficiently extreme to result in liability." *Id.*

Although Washington has not addressed whether conduct comparable to that attributed to the Defendants is sufficiently outrageous to support an outrage claim, several federal district courts have held that fabricating false or misleading evidence of guilt is sufficiently outrageous to state a claim for the comparable tort of intentional infliction of emotional distress. *Treece v. Illinois,* 903 F. Supp. 1251, 1260 (N.D. Ill. 1995); *Caroccia v. Anderson*, 249 F. Supp. 1016,

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 14

1028 (N.D. Ill. 2003). *See also Lynch v. Omaha World-Herald Co.,* 300 F. Supp. 2d 896, 904 (D. Neb. 2004)(holding that "a deliberate pattern of actions designed to obtain a criminal conviction by use of fraud, concealment, heavy-handedness and destruction of evidence" is outrageous conduct that will support a claim of intentional infliction of emotional distress).

The Defendants argue that there is no evidence of outrageous conduct in this case. The Court concludes that reasonable minds could differ about whether Brown and Randall's conduct was sufficiently outrageous to state an outrage claim. The Plaintiff alleges that Brown and Randall fabricated evidence against him. The case law cited above suggests that such conduct is sufficiently outrageous to give rise to liability. The question of outrageousness will accordingly be sent to the jury.

The Defendants also argue that there is no evidence that Brown and Randall behaved either intentionally or recklessly in charging the Plaintiff. *Id.* However, a jury could find, based on Brown and Randall's alleged actions, that they behaved with reckless disregard for the probability that their actions would cause the Plaintiff extreme distress. This question will also be submitted to the jury.

**VII. 42 U.S.C. § 1983**

**A.  Liability of the Office and County**

Like the Plaintiff's other claims, the Plaintiff's Section 1983 claim is based entirely on the alleged wrongdoing of Brown and Randall. The Plaintiff has also joined the Office and the County as Defendants. A local government entity may not be held liable under 42

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 15

U.S.C. § 1983 based solely on the actions of one of its employees. *Monell v. Dep't of Social Servs. of City of New York,* 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611, 638 (1978). Rather, a government entity may only be held liable under Section 1983 if it had a custom or policy that deprived the plaintiff of a constitutional right. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 817, 105 S. Ct. 2427, 2433, 85 L. Ed. 2d 791, 816 (1985).

The Plaintiff has failed to provide any evidence of the existence of a custom or policy attributable to either the Office or the County. While the testimony of the Plaintiff, Sparks, and Hayes might persuade a jury that the Plaintiff was wrongfully accused, nothing in the record so much as suggests that any other County employee was involved in the alleged misconduct. Even accepting the Plaintiff's allegation that Brown and Randall engaged in a conspiracy to wrongfully accuse him, the Plaintiff has failed to demonstrate that any of the other participants in this conspiracy were County employees.

The Plaintiff argues that, as Chief Criminal Deputy, Brown was in a position to establish customs for the Office. According to the Plaintiff, Brown's own conduct provides conclusive evidence that an unlawful custom existed. However, Brown's position as Chief Criminal Deputy is not determinative. As the Defendants remark, it is the Sheriff, not the Chief Criminal Deputy, who establishes policy for the Office. The Office and the County are therefore immune from the Plaintiff's Section 1983 claims.

### B. Qualified Immunity

Under the doctrine of qualified immunity, government officials

who perform discretionary functions in good faith are immune from civil suit unless their actions "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlowe v. Fitzgerald,* 457 U.S. 800, 815, 102 S. Ct. 2727, 2736, 73 L. Ed. 2d 396, 408-409 (1982). Qualified immunity is an affirmative defense. Accordingly, the government official asserting qualified immunity bears the burden of both pleading and proving this defense. *Id.* at 815; *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S. Ct. 1920, 1924, 64 L. Ed. 2d 572, 578 (1980).

In evaluating a claim of qualified immunity, a trial court should first determine whether the actions alleged by the plaintiff constitute a violation of the plaintiff's Constitutional rights. *Galvin v. Hay*, 374 F.3d 739, 745 (9th Cir. 2004); *Butler v. Elle*, 281 F.3d 1014, 1021 (9th Cir. 2002). If the court concludes that such a violation has occurred, the court should then determine "whether the violated right was clearly established." *Butler*, 281 F.3d at 1014; *Johnson v. County of Los Angeles*, 340 F.3d 787, 792 (9th Cir. 2003). As the final step in the analysis, the court must determine "whether a reasonable public official could have believed that the particular conduct at issue was lawful." *Butler*, 281 F.3d at 1014.

The Ninth Circuit has recognized a "clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074-1075 (9th Cir. 2001). As a result, officers who have fabricated evidence against an accused are not entitled to qualified immunity.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 17

*McSherry v. City of Long Beach*, 423 F.3d 1015, 1022 (9th Cir. 2005).

The Defendants argue that Brown and Randall have qualified immunity from suit based on statements in their police reports. Citing the Ninth Circuit's decision in *Peng v. Penghu*, 335 F.3d 970 (9th Cir. 2003), the Defendants contend that the Plaintiff's allegations that Brown and Randall fabricated evidence do not overcome Brown and Randall's qualified immunity.

The Defendants have failed to satisfy their burden of proving that qualified immunity is applicable. The Plaintiff has presented evidence in the form of declarations from himself, Sparks, and Hayes. These declarations raise a genuine issue of material fact as to whether Brown and Randall fabricated evidence against the Plaintiff. If the jury finds Brown and Randall fabricated evidence, qualified immunity will not shield them from liability.

The case the Defendants rely upon, *Peng v. Penghu,* is distinguishable. In *Peng*, the plaintiff alleged that an officer violated his Fourth Amendment rights by arresting him without probable cause. 335 F.3d at 976. The Ninth Circuit determined that the officer did, in fact, have probable cause based on "the material, historical facts [that] are not in dispute." *Id.* at 979-980. In contrast, both the existence of probable cause and the facts on which it was allegedly based are disputed in the present case. The Plaintiff's Section 1983 claim against Brown and Randall survives summary judgment.

**CONCLUSION**

The Plaintiff's outrage, malicious prosecution, and Section 1983

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 18

claims against Defendants Brown and Randall may proceed to trial. All other claims shall be dismissed. In addition, Defendants Klickitat County and the Klickitat County Sheriff's Office shall be dismissed from this action. Accordingly,

**IT IS HEREBY ORDERED:**

1. The Defendants' Motion for Summary Judgment, **Ct. Rec. 16**, is **GRANTED IN PART** and **DENIED IN PART.**

2. The Defendants' Motion for Summary Judgment is **GRANTED** as to the Plaintiff's claims for false arrest, negligent investigation, and negligent hiring, training, and supervision. These causes of action are **DISMISSED.**

3. The Defendants' Motion for Summary Judgment is also **GRANTED** as to the Plaintiff's claim brought under 42 U.S.C. § 1983 against Defendants Klickitat County Sheriff's Office and the County of Klickitat. Defendants **KLICKITAT COUNTY SHERIFF'S OFFICE** and **THE COUNTY OF KLICKITAT** are **DISMISSED** from the case.

4. The Defendants' Motion for Summary Judgment is **DENIED** as to the Plaintiff's claims for outrage, malicious prosecution, and deprivation of due process by Defendants Roy A. Brown and Frank R. Randall.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this  3rd  day of January, 2007.

 s/ Fred Van Sickle 
Fred Van Sickle
United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT- 19